Steve Miller for the United States. Now I'd like to reserve half of my time for a rebuttal. The essence of entrapment is sort of a Paul's-Grafian analysis. A defendant would not have committed the crime but for the outrageous government misconduct. Conversely, the sentencing entrapment essence is, I would have committed that crime but I would not have committed the more serious crime but for the outrageous government misconduct. In this case, the error was that it is not the district court's second finding that there was any form of sentencing entrapment, was an error in both the law and the facts. In this case, the district court had made a previous substantial finding that there was no sentencing entrapment. That was appealed. This court then found there was no outrageous government misconduct with regard to entrapment. And then after it was reversed and remanded on other grounds, the court then found... Was the previous ruling no sentencing entrapment or just no substantive entrapment? It was no sentencing entrapment. Previous ruling by our court or by the district? Pardon? Previous ruling by the district court. By the district court. The substantive appeal was entrapment and the due process issue of outrageous government misconduct. That's what I was getting at. The previous appeal didn't address sentencing entrapment. Correct. So now it's back. Okay, so they reversed. Now it's back. Then it says he wants to raise sentencing entrapment to a jury. Yes. What's wrong with that? That's the cross appeal. What's wrong with that? And what's wrong with that is that Buckland and Apprendi already take into consideration the fact that a jury must make a finding on the threshold limitations of the higher factors that justify the higher sentence. I don't understand what you just said. That Buckland and Apprendi already require a jury to make a finding as to the amount of cocaine or the amount of drugs that justify the higher sentence. Okay, but why is he entitled to say, why is he entitled to prove to a jury that, and get the instruction that he requested? In this, well the reason being is that the law has always handled sentencing as a legal issue. Now what is implied The jury has to find the amount, right? Yes. Why can't he raise as a defense to that, that he was entrapped, just like he could to a substantive element? Because in this case, Buckland and Apprendi have always addressed whether or not it was the substantive offense. And what is actually asked in this appeal for sentencing entrapment jury instruction is the slippery slope of having juries find the guideline adjustments. We're talking about, in this case, a five kilogram cocaine threshold. And the argument here was that he was entrapped into agreeing to a hundred kilograms. And in this case, in order, just as in substantive entrapment, sentencing entrapment still requires outrageous government misconduct. But in this case, He can't prove it, but he says I'm entitled to give it a try. Yes, but what he wanted to do in this case was apply the commentary of the guidelines which address reverse stings, which are arm's length commercial transactions, asking the juries to find that the agents asked for... Forget the guidelines for a second. You acknowledge that the jury has to find the amount. Yes. Why can't he, as a defense to that, say I was entrapped as to the amount? Why can't he present that to a jury? Because traditionally, that is a sentencing issue. No, I'm talking about as to the amount, the factual amount, whether it's five kilograms, a hundred kilograms. You have to prove that to a jury, right? Yes. Okay, now we're talking about the fact. You have to prove that to a jury. Why isn't he entitled to say, as to that fact, I was entrapped as to the amount? Because traditionally, the Ninth Circuit and other courts have not had the jury deciding sentencing entrapment issues because the sentencing issues have always been the province of the court. Until you just acknowledge that now has to be proven to a jury. Yes. But once it's a jury question, why doesn't he get to present whatever defense he has to the jury? I don't understand your answer. You keep saying traditionally, okay, maybe that's the way it was in 1965, but now this is a jury question. The amount of drugs is a jury question. Why can't he show that the amount of drugs, he was entrapped as to the amount of the drugs? Because, well, the argument is because it is a sentencing issue, that it is something to be decided by the court. I guess we're just going around in circles here, okay. Yes. The indictment charges the, I guess, five kilograms in the indictment, does it not? Yes. So doesn't the government have the responsibility of proving what's in the indictment? I mean, it lays it right out in the indictment, and yet you say that this is not for the jury to determine. No, I didn't say that it's not for the jury to determine. I'm saying that a defendant who cannot even meet the two threshold requirements of sentencing entrapment should not make that a jury question, because we have a prior appellate holding that there was no government misconduct, no outrageous government misconduct. And the facts of the situation, we're talking about a five-kilogram threshold, when we have already established his predisposition, and that there had been findings in connection with that. You don't think this is really embraced by the underlying concepts of Apprendi, do you? No, that Apprendi and Buckland, because one of the underlying ideas behind Buckland is we're talking about the threshold. We're not talking about whether or not we're going to be talking about the guideline determinations. And a ruling that sentencing entrapment becomes an affirmative defense is going to evolve into specific jury findings for every guideline adjustment. I don't think it does. I mean, I'm a district court judge, and I have these trials all the time, and we have a separate question when it comes to quantity. Whenever the quantity triggers a higher maximum, that's the straight application of Apprendi. Now, we didn't always do that, but we do it all the time now. It's a separate question dealing with quantity. It just seems that this would be embraced within the requirement of the government to prove as in the indictment what the quantity is, and somebody should say no, sentencing entrapment is really what's involved here. Let the jury decide what the proper quantity is going to be. I don't see why that's a problem for the government. The problem in this case is that I already know how you're inclined. I don't think you do because we haven't told you. Very well. However, even if that were the case, in this case, the court did not err in declining the defendant's recommended jury instructions because he could not establish either of the threshold findings, and the application of the guideline commentary was inapplicable to this particular case because he wanted to apply the commercial arms-length transactions versus a robbery where people were not going to be engaging into the market price or the ability to pay or purchase the cocaine, but to obtain the cocaine by force of arms. In this particular case, what was being argued was we should make sentencing entrapment to show that the government inflated this by 100 kilograms and then leave with the impression to the jury that, well, gosh, since there was misconduct for 100 kilograms, then you should find it otherwise for 5 kilograms. That's the primary objection. You've got a minute left. Mr. Coleman, good morning. Good morning, Your Honor. It's Ben Coleman from Mr. Williams. Our cross-appeal, we obviously contest the jury instruction issue. It's our position, and we would certainly appreciate a ruling in that regard, but this court doesn't even have to get to that issue because we ultimately got the relief that we wanted at sentencing, and we think basically that issue is moved if the court were to affirm the district court's sentence. It's our position that essentially the government hasn't mentioned the standard of review, but the government's appeal is basically here on a clearly erroneous standard of review. They disagree with the district court's factual determination that Mr. Williams was sentencing entrapped. And just for the court's clarification, the previous decision that this court entered in this case in no way addressed sentencing entrapment. What had happened is at the initial district court proceedings, Judge Gonzales said it pained her to give Mr. Williams that much time, but she felt that she was obliged to do it under the law. This court then reversed, and when it came back for the second sentencing, there was a variety of different decisions that had come down, including this court's decision in Briggs, and Judge Gonzales found that based on that law, she could reconsider her sentencing determination and found that sentencing entrapment did apply. It's a factual question. The government's appeal is here on a clearly erroneous standard, and frankly, in their briefs, I don't really think they even ever addressed a clearly erroneous standard and say that Judge Gonzales clearly erred. She understood the law of sentencing entrapment. She sat through the trial. She heard all the tapes. She engaged in a lengthy sentencing hearing where she addressed all the government's arguments, and she found that what was more appropriate in this case was a 5-year minimum rather than a 10-year minimum. But don't you think that the issue is for the jury? I mean, this is the fundamental thing we're grappling with here, is that a determination that ought to be made by a jury. What are you suggesting, that this not be a jury determination, that this is a judge determination? Well, I agree that initially it should be a jury determination, and then after that, the judge can still give sentencing entrapment. Let's say the jury were to reject the defense. A sentencing judge still has the discretion to give the defendant the benefit of the doubt of sentencing, which is what the judge did in this case. But isn't that the point, though? It seems to me that's where things are getting confused. Sentencing entrapment has generally been considered something like a 3553A factor. Is this sentence enough to deter, etc., etc.? I mean, that's what it comes to. So if sentencing entrapment really is something where the district judge can say, you know, I understand that this person did do a 100 kilo deal, but I think he was entrapped in the 95 of those kilos, or maybe into all 100 of those kilos, considering the way the sentence comes down eventually, but I think he was entrapped in that. The district judge can say that, say, you know, in my discretion, this person isn't that bad a person. And really, the government did A, B, and C. Then you're kind of out of the jury instruction world entirely, aren't you? You just said, well, even if the jury says okay, the judge can still vary, and that's really the point, isn't it? The district judge can say, I don't care if it was 100 kilos or 200 kilos or 5 kilos or whatever it was, I think he was entrapped, sentence-wise. Is that what you're saying? Isn't that right? It is what I'm saying. I don't think that that – I think basically the defendant gets two bites at the apple. He gets a first bite at the jury. He can run his defense to the jury. If he wins, well, then great. He's won his sentencing entrapment issue. If he loses, the defendant still gets a second bite at the apple with the district court judge, and the district court judge can look at everything again, maybe consider evidence that didn't come in at the trial or whatever it may be, and say, you know what, I understand that we tried this and the jury came out one way, but I, having considered other information and looked at all the facts, think that still there was sentencing entrapment. Let's talk about the elements and what you're saying. What does outrageous government conduct mean in this context? It looks from the cases as if what it means – well, you talked a person into buying or selling or doing more than he would have done. Go to a jury. Well, outrageous government conduct in general as a matter that gets your indictment dismissed means something more strong or less strong? More strong, I would say. I think they're two different standards. Well, it sounds like two different standards. This one doesn't look like we've ever really applied it or said anything beyond, well, it means that you got him to buy, you got him to do worse than he would have done. That's my position. What outrageous means in your view. Yes. So if a jury, if you then put that question, I take it you're going to instruct the jury on that, and the jury says, we find, as it must or may, government did not engage in outrageous government conduct. Now it comes back to the district judge, and you'll say, well, the district judge can say, oh, well, yes, he did. Is that your view? I think the defense should get the second bite. I think it's going to be tough if you lose at the jury. I understand you think the defense gets the second bite, but the apprendee, the jury concept is to have the jury make a decision, not an advisory decision. It's not like equity, I don't think. So the jury says, now, this guy doesn't get sentence entrapment because, and he's stuck for 100 kilos, whatever, over 5 kilos, I think it was. But you're going to argue, I guess you're going to put the jury to the 100 kilo thing too then, right? Right. Well, the reason why I think there's a second bite to the apples, let's take the death penalty, for example. You get a, you get, the jury has to determine whether death is appropriate. But then the defendant oftentimes gets a second bite at the apple for the judge to say, you know what, I know that the jury came back with death, but I think life is appropriate. But death is different, don't you recall? Don't you remember that? That's because death is different. The Supreme Court, they keep telling us that death is different, right? So it is a little different even from a sentence for drug offenses. Well, death is always different. The bottom line in this case, though, is that it's our position that the district court did not clearly err in its sentencing determination. And so this court can simply affirm the district court's sentence rather than sending this back. We agree, we should have been given the opportunity to present our defense to the jury. But rather than sending it back so that we can do that, when we actually got the relief we wanted from the sentencing judge,  So as soon as you abandon your appeal and that issue is not in front of us, if? That's what we've said in the brief. If the court were to determine that the district court didn't clearly err, we waive our cross appeal. We abandon it. It's done. And leave this for another day? And leave it for another day. And frankly, I think that it may be better to decide that issue, if the court believes it can affirm the sentence, when the actual issue is properly brought before the court. In this case, there's a way that the court can avoid that type of issue, and the court should defer ruling on constitutional issues and things like that, if it has another way to decide a case. What is the statutory range for this charge, as your guy pled guilty to it? The statutory range is ten to life. So how can she give him five? Because she found sentencing entrapment. Yeah, but if it's a minimum, how can she go below the minimum? Because this court's case law is clear for years, that if a judge determines that there's sentencing entrapment, you can go down from the ten-year minimum to a five-year minimum or to no minimum. But the district court, under this court's long-standing case law, both before and after Buckland and Apprendi, holds that the district court has that power to do that. And that's the law throughout all the circuits in the country. I'm having a hard time computing that when he pleads guilty to that element. Well, we pled conditionally to that element. No, no, you pled conditionally, you write to take it to a jury. But he stood up there and said, I had five kilograms of cocaine, preserved his right to appeal, his right to argue it to a jury. But that fact was established by his plea, wasn't it? Well, but the district court said, you can't raise this now. You can only raise it at sentencing. So what were we left to do? We tried to raise it. The district court said, no, the only time you can raise this is at sentencing. So we proceeded to do it at sentencing. The parties agreed at the plea agreement, though, did they not, at the plea hearing, that indeed it was a sentencing issue that was preserved for appeal? Yes, and the government hasn't argued in their briefs. I mean, they've waived that issue. They haven't argued today that somehow because we pled guilty, that we were foreclosed from arguing sentencing entrapment before the district court judge. That's never been raised. But he says that the judge can reduce the minimum if he finds entrapment in a guilty plea setting. In a guilty plea setting? I think most of the cases are guilty pleas. Give me your best ones. And I'll double check on this. I think RIEWE, and I'll double check. RIEWE. Which is in our briefs at 165 F 3rd 727. And Castaneda, we've cited too. And I'll double check as to whether these are guilty pleas. But this has never been an issue raised by the government before, 94 F 3rd 502. I have eight seconds. Maybe I can ask you a quick question here. I'm wrestling with the apprendee concept here. My understanding is that whenever there's a factual determination that has to be made that affects the maximum under the statutory scheme and changes the maximum from A to B, that that's always a jury issue under apprendee. We deal with the classic situation of weight. When the weight will make a difference between 0 to 5 and 5 to 10 or 10 to life, whatever it is in this situation, that's a jury issue. And this record is bound by the jury determination. Isn't this conceptually the same thing that we're talking about here? The issue of the weight and whether sentencing entrapment is embroiled in all of that has a direct impact upon whether it's going to be 10 to life or less than 10 to life. Isn't that a classic concept embraced by apprendee strictly for the jury and not for the judge? Yes, with a caveat. Yes, I agree 100 percent. And the judge is bound so that it can impose a harsher sentence against the defendant. But the Fifth and Sixth Amendments protect the defendant's constitutional rights. They don't protect the government. And the district court is not bound under the Fifth and Sixth Amendments if it, in its own discretion, wants to disregard the jury's verdict and to impose a lesser sentence. It just cannot impose a greater sentence than the jury's verdict. That's what an apprendee is protecting, a criminal defendant's constitutional rights. The government doesn't have a Fifth and Sixth Amendment right. Okay, thank you, Mr. Coleman. Mr. Miller, you have about a minute left. The reason the government appealed in this and got authorization by the Solicitor General is because the court imposed a five-year minimum mandatory based upon the successful delivery of an unrelated amount of marijuana in New York to this cocaine case where there was a conspiracy for 100 kilograms when the threshold was 5 kilograms. The court erroneously found sentencing entrapment and illegally and erroneously found that it was a five-year minimum mandatory when sentencing entrapment didn't exist. Do you agree with Mr. Coleman that the cases say that if someone pleads guilty to 5 kilograms or more, that the judge nevertheless can reduce the mandatory minimum? Yes. That's my reading as well, and if I'm in error, I'll leave that to you. But in this case, the sentencing entrapment simply does not exist. It does not exist in the facts. It does not exist in the law. The court made a previous specific factual finding that entrapment did not apply. It was inappropriate in this particular case, and that this court made the second factual finding that there was no government misconduct to justify it. Thank you, Mr. Coleman. Thank you. The case just argued is submitted. Good morning, gentlemen.
judges: Block, Fernandez, Silverman